UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC LEON CHRISTIAN, )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>  )<br>JAMES MAHAN, *et al.*, )<br>  )<br>Defendants. )<br>_____) | Case No. 2:15-cv-00279-JAD-CWH<br><br>**REPORT & RECOMMENDATION** |

This matter is before the Court on Plaintiff's application for leave to proceed in forma pauperis (doc. # 1), filed February 17, 2015.

**I.      In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis is granted pursuant to § 1915(a). The Court now reviews Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(a). Federal courts have the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). When a court dismisses a complaint under § 1915(a), a plaintiff should be given leave to amend the complaint with directions as to curing its

deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed.R.Civ.P. 8(a)(2); Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2007). Although Rule 8 of the FRCP does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. Id. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. Id. at 678. Furthermore, if claims in the complaint do not cross the line from plausible to conceivable, the complaint should be dismissed. Twombly, 550 U.S. at 570.

Plaintiff brings the instant lawsuit against U.S. District Judge James Mahan ("Judge Mahan") for official judicial actions taken in a criminal case: United States v. Christian, No. 2:09-cr-00303-JCM-VCF. According to Plaintiff, Judge Mahan violated the Federal Tort Claims Act when he precluded Plaintiff's proffered expert witness from testifying at trial, and "allowed" Plaintiff to "over-serve[..]" his sentence beyond the 22 months recommended by the Federal Sentencing Guidelines. Doc. # 1-1 at 3. Plaintiff asks for $10,000,000.00 in damages.

It is well established that judges are "absolutely immune from damage liability for acts performed in their official capacities." Giampa v. Duckworth, No. 2:12-CV-01145-LRH-VCF, 2013 WL 1385649, at *2 (D. Nev. Apr. 2, 2013) (citing Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)). Judges lose immunity only when "they act outside of their jurisdiction or outside of their judge-like functions." Id.

Here, Judge Mahan was not acting outside his official capacity for rulings he made as a judicial officer in United States v. Christian. Judge Mahan is therefore entitled to absolute immunity. Based on the absolute immunity of the only named defendant in this case, it is clear that the "deficiencies"

of the complaint cannot be cured by amendment. See Cato, 70 F.3d at 1106. As such, the Court finds that Plaintiff's complaint must be dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's application for leave to proceed in forma pauperis (doc. # 1) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **file** Plaintiff's complaint (doc. # 1-1) on the record.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (doc. # 1-1) be **dismissed with prejudice**.

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 24, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**